
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JORGE PUGA            DOCKET NO. 11-CV-412; SEC. P

VERSUS              JUDGE TRIMBLE

WILLIAM SHERROD       MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Pro se petitioner Jorge Puga filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and is incarcerated at the United States Penitentiary in Pollock, Louisiana (USP-P). He challenges the manner in which the Bureau of Prisons is computing his sentence, and he seeks a speedier release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that his claim be **DISMISSED**.

### Background

Petitioner is a federal prisoner presently serving a federal sentence imposed after pleading guilty to possession with intent to distribute marijuana. Petitioner, along with several co-defendants, was charged by superseding indictment in the Southern District of Texas with various racketeering crimes including murder and conspiracy to possess with intent to distribute marijuana and cocaine. According to the superceding indictment, Petitioner was

a soldier in the Texas Syndicate. [See 7:07-cr-231 SDTX, Doc. #306] Petitioner ultimately reached a plea agreement with the government. He waived prosecution by indictment and plead guilty on April 7, 2009, to a criminal information charging him with possession with intent to distribute less than 50 kg (39) of marijuana. [See 7:07-cr-231 SDTX, Doc. #383, 385, 387] He was sentenced on August 15, 2009, to 37 months of imprisonment, "to run consecutive to the term of imprisonment imposed in #96969, District Court #1, Jefferson County." [7:07-cr-231(SDTX) Doc. #467]

October 23, 2006 - Petitioner plead guilty in the criminal district court of Jefferson County, Beaumont, Texas, number 96969, to possession of a prohibited item in a correctional facility. He was sentenced to four years of confinement. [7:07-cr-231] Petitioner was serving this four year sentence when he plead guilty in federal court on April 7, 2009.

August 18, 2003 - Petitioner plead guilty in Texas case number CR-1888-03-G, to the offense of possession of marijuana in the amount of 50 lbs. or more, but less than 2,000 lbs. He was sentenced to 4 years confinement. He completed the sentence on July 20, 2007. [Doc. #1, p4]

The factual basis for the August 18, 2003 and April 7, 2009 pleas are the same; both reference criminal conduct that occurred on March 28, 2003.

In 2009, prior to being sentenced in the Southern District of

Texas, Petitioner asked that he be given credit for time served on the related state charge, which had been completed almost two years prior. The Government argued that sentencing guideline §5G1.3(b) operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence. However, it only applies to undischarged terms of imprisonment. Petitioner's term of imprisonment for related conduct had already been discharged. The district court did provide that the 37 month federal sentence should run consecutive to the undischarged term for possession of a prohibited item in prison. [7:07-cr-231(SDTX) Doc. #467]

### Law and Analysis

To the extent that Petitioner is challenging the manner in which his sentence is being calculated, his case is properly brought in a motion pursuant to 28 U.S.C. §2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. §2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration").

Petitioner seeks credit for time that he previously served on a state sentence. The sentencing court clearly considered this request as is evidenced by the record in that case. [7:07-cr-231 SDTX]

3

The Fifth Circuit has held that "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively **unless** the district court specifically orders that they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003)(emphasis in original)(citing 18 U.S.C. §3584(a)("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); see also Aldridge v. Wendt, 149 Fed. Appx. 253 (5th Cir. 2005). In this case, the district court considered the prior state drug sentence, considered the state sentence that Petitioner was serving at that time, and ordered that the federal drug sentence run *consecutive to* the state sentence that had not yet expired.

To the extent that Petitioner claims he is entitled to credit against his federal sentence for the time on which he was "borrowed" from state custody, his claim also fails. 18 U.S.C. §3585(b) provides:

> Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> ***that has not been credited against another sentence.***

4

18 U.S.C. § 3585 (West 1998)(emphasis added). The statute clearly authorizes credit only for time that has not been credited toward another sentence. United States v. Wilson, 503 U.S. 329, 334, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) The Attorney General, through the Bureau of Prisons, determines what credit should be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences. Wilson, 503 U.S. at 333-34. Generally, an inmate is not allowed credit toward his federal sentence if the prior custody time was credited toward his state sentence. See United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983). In this case, Petitioner's state custody *prior to* the federal conviction was credited toward that state sentence.

Additionally, a *writ of habeas corpus ad prosequendum* did not deprive the state authorities of jurisdiction over Petitioner. Such a writ permits one sovereign (the federal government in this case) to temporarily "borrow" a person in the custody of another sovereign (the State of Texas in this case) for the purpose of prosecuting him. The writ permits the receiving sovereign to perform such acts as indicting, arraigning, trying and sentencing the person. See Flick v. Bevins, 887 F.2d 778, 781 (7th Cir. 1989) (per curiam). As the receiving jurisdiction merely obtains limited jurisdiction over the person, the person remains under the jurisdiction and in the custody of the sending sovereign. A prisoner is not entitled to credit towards a federal sentence for

5

the time spent in a federal detention center under a *writ of habeas corpus ad prosequendum* if the prisoner received credit for such time on his state sentence. See Vignera v. Attorney General of the United States, 455 F.2d 637, 638 (5th Cir. 1972). In this case, Petitioner did received credit against his state sentence for the period he spent in federal custody pursuant to a *writ of habeas corpus ad prosequendum*.

To the extent that Petitioner asserts the Bureau of Prisons erred in refusing to make a nunc pro tunc designation of his state institution as the place at which his federal sentence was being served, he fails to state a claim for which relief can be granted. The decision as to whether to grant such a designation is within the discretion of the Bureau of Prisons. See United States v. Wilson, 503 U.S. 329, 331-32 (1992)(holding that the Attorney General, through the Bureau of Prisons, determines if credit will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences). In this case, after considering petitioner's administrative grievance, the Bureau exercised its discretion to deny Petitioner's request for a nunc pro tunc designation. [7:07-cr-231 SDTX, Doc. #467] It is clear that the federal sentencing court that intended for petitioner to serve his sentence consecutive to his state sentence, so this decision was within the Bureau's discretion. See Rodriguez v. Pitzer, No. 03-40040 (5th Cir. Aug. 7, 2003) (holding that in the

absence of any intent by the federal sentencing court that the sentences run concurrently, the Bureau of Prisons acts within its discretion in refusing a request for a nunc pro tunc designation).

For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED**.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this _____ day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE